PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2000 Cadillac El Dorado struck a hole as he was driving on the Pettus Bridge on State Route 3 in Raleigh County. The Pettus Bridge on State Route 3 is a public road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 9:00 p.m. on December 22, 2008. The Pettus Bridge is a two-lane bridge with one lane traveling in each direction. The speed limit is fifty-five miles per hour. At the time of the incident, claimant was driving from Whitesville toward Beckley at between forty and forty-five miles per hour. His wife and great granddaughter were passengers in the vehicle. As claimant was driving on the Pettus Bridge, his vehicle struck a hole in the bridge’s deck that was approximately one and half feet long, two feet wide, and between three to four inches deep. Mr. Bawgus was unable to see the hole before his vehicle struck it. He stated that he could not have avoided the hole due to oncoming traffic on the bridge. Although claimant had driven on the bridge one week prior to this incident, he did not notice this particular hole on the prior occasion. As a result, claimant’s vehicle sustained damage to one rim in tire amount of $571.20. Since claimant’s insurance deductible was $500.00, claimant’s recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on the Pettus Bridge on State Route 3. Robert Anthony Walters testified that he is the Repair Crew Supervisor for respondent’s District 10 Bridge Department. Mr. Walters stated that the Pettus Bridge is a steel bridge with a concrete deck that is over fifty years old. Although a crew from respondent’s Bolt Pleadquarters in Raleigh County placed cones and a barrel around the hole at this location, respondent’s Bridge Department did not have notice of the hole prior to lanuary 9, 2009, when the hole was patched. Mr. Walters testified that respondent has not replaced the deck of the Pettus Bridge due to budget constraints.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The Court finds that respondent failed to patch the hole in a timely manner. Thus, claimant may make a recovery for the damage to his vehicle.
It is the opinion of the Court of Claims that the claimant should be awarded the sum of $500.00.
Award of $500.00.